

Search for Cases by: [Select Search Method...      ▼]

Judicial Links  |  eFiling  |  Help  |  Contact Us  |  Print        GrantedPublicAccess  Logoff ANDREWLAQUET

**20CY-CV09848 - MISSOURI EMPLOYERS MUTUA V WESTROCK COMMERCIAL, LL (E-CASE)**

| Case Header | Parties & Attorneys | Docket Entries | Charges, Judgments & Sentences | Service Information | Filings Due | Scheduled Hearings & Trials | Civil Judgments | Garnishments/ Execution |

Click here to eFile on Case          Sort Date Entries: ● Descending   Display Options: 
Click here to Respond to Selected Documents                        ○ Ascending          [All Entries        ▼]

---

**12/21/2020**  ☐ **Corporation Served**
Document ID - 20-SMCC-1472; Served To - WESTROCK COMMERCIAL, LLC; Server - ; Served Date - 16-DEC-20; Served Time - 13:00:00; Service Type - Special Process Server; Reason Description - Served; Service Text - Lauren Shipley, Corp. Rep.

☐ **Supplemental Filing**
Service of Summons; Electronic Filing Certificate of Service.
   **Filed By:** ROSS ALLEN BRIDGES
   **On Behalf Of:** MISSOURI EMPLOYERS MUTUAL INSURANCE COMPANY

**12/07/2020**  ☐ **Summons Issued-Circuit**
Document ID: 20-SMCC-1472, for WESTROCK COMMERCIAL, LLC.

☐ **Order - Special Process Server**

☐ **Filing Info Sheet eFiling**
   **Filed By:** JORDAN HUDSPITH

☐ **Motion Filed**
Motion and Order to Appoint Special Process Server.
   **Filed By:** JORDAN HUDSPITH
   **On Behalf Of:** MISSOURI EMPLOYERS MUTUAL INSURANCE COMPANY

☐ **Petition:**
Case Filing Information Sheet.
   **Filed By:** JORDAN HUDSPITH

☐ **Pet Filed in Circuit Ct**
Petition for Damages.

☐ **Judge Assigned**

---

Case.net Version 5.14.12              Return to Top of Page              Released 11/10/2020

EXHIBIT
_A_

Electronically Filed - Clay - December 21, 2020 - 08:14 AM



# IN THE 7TH JUDICIAL CIRCUIT COURT, CLAY COUNTY, MISSOURI

| Judge or Division:<br>ELIZABETH DAVIS | Case Number: 20CY-CV09848 |
|---|---|
| Plaintiff/Petitioner:<br>MISSOURI EMPLOYERS MUTUAL<br>INSURANCE COMPANY<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>JORDAN HUDSPITH<br>3901 S PROVIDENCE<br>SUITE D<br>COLUMBIA, MO. 65203 |
| Defendant/Respondent:<br>WESTROCK COMMERCIAL, LLC | Court Address:<br>11 S WATER<br>LIBERTY, MO 64068 |
| Nature of Suit:<br>CC Pers Injury-Other | (Date File Stamp) |

## Summons in Civil Case

The State of Missouri to: WESTROCK COMMERCIAL, LLC
Alias:

221 BOLIVAR STREET
JEFFERSON CITY, MO 65101

**COURT SEAL OF**

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

| 12/7/2020 | BARB WILMOT |
|---|---|
| Date | Clerk |

**CLAY COUNTY**

Further Information:

### Sheriff's or Server's Return

Note to serving officer: Summons should be returned to the court within thirty days after the date of issue.

I certify that I have served the above summons by: (check one)

☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.

☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____ a person of the Defendant's/Respondent's family over the age of 15 years.

☒ (for service on a corporation) delivering a copy of the summons and a copy of the petition to
_Lauren Shipley_ (name) _Corp. Rep for CSC-Lawyers_ (title).

☐ other _____

Served at _221 Bolivar St. #106, Jefferson City_ (address)
in _Cole_ (County/City of St. Louis), MO, on _Dec 16, 2020_ (date) at _1:00 pm_ (time).

_Stephanie D. Winters_ _____ _Stephen Winton_
Printed Name of Sheriff or Server          Signature of Sheriff or Server

Must be sworn before a notary public if not served by an authorized officer:
Subscribed and sworn to before me on _Dec 16, 2020_ (date).

My commission expires: _2-21-2024_ _____ _Cecil Ray_
Date                                          Notary Public

CECILE R. ___
Notary Public
Commission
# 16676146
Cole County
STATE OF MISSOURI

| Sheriff's Fees | | |
|---|---|---|
| Summons | $ | |
| Non Est | $ | |
| Sheriff's Deputy Salary | | |
| Supplemental Surcharge | $ 10.00 | |
| Mileage | $ _____ ( _____ miles @ $. _____ per mile) | |
| Total | $ | |

A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

OSCA (7-08) SM30 (SMCC) For Court Use Only: Document Id # 20-SMCC-1472        1 of 1        Civil Procedure Form No. 1, Rules 54.01 – 54.05,
CLAY (2-11) (SMCCCV)                                                                   54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo
Case 4:21-cv-00022-BCW   Document 1-1   Filed 01/13/21   Page 2 of 22



CSC

# Notice of Service of Process

| | |
|---|---|
| Primary Contact: | Patricia Benjamin<br>WestRock<br>1000 Abernathy Rd<br>Ste 125<br>Atlanta, GA 30328-5639 |
| Electronic copy provided to: | Angela Dotson<br>Robert McIntosh<br>Taiesha Ballentine |

| | |
|---|---|
| Entity: | WestRock Commercial, LLC<br>Entity ID Number 2326014 |
| Entity Served: | Westrock Commercial, LLC |
| Title of Action: | Missouri Empoyers Mutual Insurance Company vs. Westrock Commercial, LLC |
| Document(s) Type: | Summons/Complaint |
| Nature of Action: | Personal Injury |
| Court/Agency: | Clay County Circuit Court, MO |
| Case/Reference No: | 20CY-CV09848 |
| Jurisdiction Served: | Missouri |
| Date Served on CSC: | 12/16/2020 |
| Answer or Appearance Due: | 30 Days |
| Originally Served On: | CSC |
| How Served: | Personal Service |
| Sender Information: | Jordan Hudspith<br>573-777-4488 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com



# IN THE 7TH JUDICIAL CIRCUIT COURT, CLAY COUNTY, MISSOURI

| | |
|---|---|
| Judge or Division:<br>ELIZABETH DAVIS | Case Number: 20CY-CV09848 |
| Plaintiff's/Petitioner:<br> MISSOURI EMPLOYERS MUTUAL<br>INSURANCE COMPANY<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>JORDAN HUDSPITH<br>3901 S PROVIDENCE<br>SUITE D<br>COLUMBIA, MO 65203 |
| Defendant/Respondent:<br> WESTROCK COMMERCIAL, LLC | Court Address:<br>11 S WATER<br>LIBERTY, MO 64068 |
| Nature of Suit:<br>CC Pers Injury-Other | |
| | (Date File Stamp) |

## Summons in Civil Case

The State of Missouri to:  WESTROCK COMMERCIAL, LLC
                            Alias:

**221 BOLIVAR STREET
JEFFERSON CITY, MO 65101**

*COURT SEAL OF*

*CIRCUIT COURT OF MISSOURI*

*CLAY COUNTY*

   You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

BARB WILMOT

_____12/7/2020_____     _____
          Date                          Clerk

Further Information:

## Sheriff's or Server's Return

**Note to serving officer:** Summons should be returned to the court within thirty days after the date of issue.

I certify that I have served the above summons by: (check one)

☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.

☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with
_____ a person of the Defendant's/Respondent's family over the age of 15 years.

☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to
_____ (name) _____ (title).

☐ other _____.

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____          _____
Printed Name of Sheriff or Server                    Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**

Subscribed and sworn to before me on _____ (date).

*(Seal)*

My commission expires: _____    _____
                              Date                          Notary Public

| Sheriff's Fees | | |
|---|---|---|
| Summons | $_____ | |
| Non Est | $_____ | |
| Sheriff's Deputy Salary | | |
| Supplemental Surcharge | $___10.00___ | |
| Mileage | $_____ | (_____ miles @ $._____ per mile) |
| **Total** | $_____ | |

A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

OSCA (7-08) SM30 (SMCC) *For Court Use Only:* **Document Id # 20-SMCC-1472**          1 of 1          Civil Procedure Form No. 1, Rules 54.01 – 54.05,
CLAY (2-11) (SMCCCY)                                                                                    54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

Case 4:21-cv-00022-BCW   Document 1-1   Filed 01/13/21   Page 4 of 22

# IN THE CIRCUIT COURT OF CLAY COUNTY, MISSOURI

**MISSOURI EMPOYERS MUTUAL
INSURANCE COMPANY,**

    Plaintiff,

v.

**WESTROCK COMMERCIAL, LLC,**
    Service Address:
    221 Bolivar Street
    Jefferson City, MO 65101

    and

**JOHN DOES 1-5,**

    Defendants.

Case No.

## ORDER APPOINTING SPECIAL PROCESS SERVER

Plaintiff's Motion for Appointment of Special Process Server, having been read and considered, and it appearing to the Court that sufficient grounds exist for the granting thereof, pursuant to Rule 90.03(a), it is HEREBY ORDERED that the Plaintiff is authorized to perfect service by a private process server who is hereby directed to personally serve a copy of the Plaintiff's Summons and Petition on the aforementioned Defendants and to make and file a proof of service as required by law.

The Special Process Server appointed is: Pro Serve and is hereby directed to file a Proof of Services as required by law.

This _____day of _____ 2020.

_____
Judge

3

Electronically Filed - Clay - December 07, 2020 - 12:39 PM

## IN THE CIRCUIT COURT OF CLAY COUNTY, MISSOURI

**MISSOURI EMPOYERS MUTUAL
INSURANCE COMPANY,**

    Plaintiff,

Case No.

v.

**WESTROCK COMMERCIAL, LLC,**
    Service Address:
    221 Bolivar Street
    Jefferson City, MO 65101

    and

**JOHN DOES 1-5,**

    Defendants.

## MOTION FOR APPOINTMENT OF A SPECIAL PROCESS SERVER

**COMES NOW** Plaintiff, by and through the undersigned counsel and for its Motion for Appointment of Special Process Server, states as follows:

1. Pro Serve is qualified to serve process in accordance with Missouri Supreme Court Rule 54.13.

2. Pro Serve is not a party and is more than 18 years of age.

**WHEREFORE,** Plaintiff prays for an Order of the court appointing Pro Serve as special process servers in this case to serve the Summons, and Petition in this case on Defendant WestRock Commercial, LLC.

1

Respectfully Submitted,
VESSELL BRIDGES MURPHY LAW OFFICES

*/s/ Ross A. Bridges*
Ross A. Bridges #62762
3901 S. Providence, Suite D
Columbia, Missouri 65203
Tel:    (573)777-4488
Fax:    (573)777-4489
Email: Ross@vbmlaw.com
ATTORNEY FOR PLAINTIFF

2

## IN THE CIRCUIT COURT OF CLAY COUNTY, MISSOURI

**MISSOURI EMPOYERS MUTUAL**
**INSURANCE COMPANY,**

    Plaintiff,

                      Case No.

v.

**WESTROCK COMMERCIAL, LLC,**
    Service Address:
    221 Bolivar Street
    Jefferson City, MO 65101

    and

**JOHN DOES 1-5,**

    Defendants.

## ORDER APPOINTING SPECIAL PROCESS SERVER

Plaintiff's Motion for Appointment of Special Process Server, having been read and considered, and it appearing to the Court that sufficient grounds exist for the granting thereof, pursuant to Rule 90.03(a), it is HEREBY ORDERED that the Plaintiff is authorized to perfect service by a private process server who is hereby directed to personally serve a copy of the Plaintiff's Summons and Petition on the aforementioned Defendants and to make and file a proof of service as required by law.

The Special Process Server appointed is: Pro Serve and is hereby directed to file a Proof of Services as required by law.

This _____ day of _____ 2020.

                            _____
                            Judge

3

Electronically Filed - Clay - December 07, 2020 - 12:39 PM

IN THE CIRCUIT COURT OF CLAY COUNTY, MISSOURI

MISSOURI EMPOYERS MUTUAL
INSURANCE COMPANY,

     Plaintiff,

                    Case No.

v.

WESTROCK COMMERCIAL, LLC,
     Service Address:
     221 Bolivar Street
     Jefferson City, MO 65101

     and

JOHN DOES 1-5,

     Defendants.

## PETITION FOR DAMAGES

**COMES NOW** Plaintiff, Missouri Employers Mutual Insurance Company, by and through its undersigned counsel, and for its cause of action against Defendant WestRock Commercial, LLC, and John Does 1-5, files this Petition for Damages, stating as follows:

## VENUE AND JURISDICTION

1.    Plaintiff, Missouri Employers Mutual Insurance Company (hereinafter referred to as "MEM") is and at all times relevant herein a Missouri corporation doing business in Missouri as an insurance company.

2.    MEM's principal place of business is located at 101 N. Keene Street, Columbia, Missouri 65201.

3.    Defendant WestRock Commercial, LLC (hereinafter referred to as "West Rock") is a Missouri corporation doing business in Missouri as a manufacturer of packaging products.

1

4.      Defendant WestRock's principal place of business is located at 221 Bolivar Street, Jefferson City, Missouri 65101.

5.      Defendants John Does 1-5 ("hereinafter referred to as "John Does"), identities unknown, are individuals who improperly loaded pallets onto a semi-truck, which later fell on Mr. James Moore, as more fully described below.

6.      Venue and jurisdiction are proper in this court and all transactions, events, occurrences, acts, errs and omissions giving rise to this action occurred in Clay County, Missouri.

7.      This Court has personal jurisdiction over Defendants because Defendants transact business within this state, have made contracts within this state, or have committed tortious acts within this state, and otherwise have sufficient minimum contacts with the State of Missouri.

## ALLEGATIONS COMMON TO ALL COUNTS

8.      On or about June 19, 2019, James Moore (hereinafter referred to as "Mr. Moore") suffered an injury in the course and scope of his employment while Mr. Moore was employed as a semi-truck driver.

9.      On or about June 19, 2019, Mr. Moore arrived at WestRock to pick up a load, specifically pallets, that were to be delivered to Billings, Montana.

10.     Upon information and belief, WestRock and/or John Does 1-5 loaded the pallets onto Mr. Moore's semi-truck at the location in Liberty, Missouri.

11.     Upon information and belief, Mr. Moore was advised to not assist with the loading process.

12.     Upon information and belief, the pallets were double stacked on the trailer of the semi-truck.

13.     Upon information and belief, the pallets were not strapped into place.

2

14.     Upon information and belief, Mr. Moore was further advised that the receiver of the pallets, Blue Line Billings, was responsible for unloading the semi-truck upon arrival to Billings, Montana.

15.     Upon information and belief, Mr. Moore's sole responsibility upon arrival to the destination in Billings, Montana, was to open the semi-truck doors, and back the trailer into the dock.

16.     On or about June 19, 2019, when Mr. Moore arrived to the final destination in Billings, Montana, he opened the doors of the semi-truck, at which time, the pallets that were double stacked in the trailer, fell onto Mr. Moore.

17.     On the date of the aforementioned accident, MEM provided a workers' compensation insurance policy to Mr. Moore's employer, Express, LLC.

18.     MEM provided workers' compensation benefits, including, but not limited to medical treatment and other benefits required by the Missouri Workers' Compensation Act Chapter 287 RSMo., to Mr. Moore as a result of the damages and injuries he sustained in the aforementioned accident.

19.     MEM has provided benefits to Mr. Moore in excess of $190,000.00, exclusive of other costs and expenses which are not relevant to this action.

<u>**COUNT I – NEGLIGENCE**</u>
**(Against Defendants John Does 1-5)**

20.     Plaintiff incorporates the allegations contained in paragraphs 1-19 as if fully set forth herein.

21.     On or about June 19, 2019, John Does owed a duty of care to Mr. Moore.

22.     On or about June 19, 2019, John Does violated the highest degree of care owed to Mr. Moore.

3

23.    Defendants John Does were negligent in the following manners, including but not limited:

    a.  Failure to exercise the highest degree of care while loading the pallets onto the semi-truck.

    b.  Failure to safely position the pallets on the semi-truck.

    c.  Failure to utilize load locks to securely lock the pallets in place on the semi-truck.

    d.  Failure to safely strap the pallets into place on the semi-truck.

24.    As a direct and proximate result of such negligence, Mr. Moore was injured and sustained damages requiring him to undergo medical treatment.

25.    Mr. Moore was in the scope of his employment at the time of the accident.

26.    As a direct and proximate result of Defendants John Does' negligence, Mr. Moore incurred medical expenses, pain, suffering, mental anguish, physical impairment, loss of capacity to enjoy life, lost wages, temporary disability and permanent disability.

27.    MEM was required to pay certain workers' compensation benefits to Mr. Moore as a result of the injuries he sustained as a result of the negligence of Defendants John Does.

28.    Pursuant to Missouri Section 287.150 RSMo. MEM is a real party in interest and is, therefore, entitled to bring this action pursuant to Section 507.010 RSMo. for recovery against Defendants John Does which shall not be limited to the amount payable as compensation to Mr. Moore under §287.150 RSMo.

**WHEREFORE**, Plaintiff MEM prays for judgment on Plaintiff's petition against Defendants John Does for such sums as shall be determined to be fair and reasonable under the circumstances in excess of $25,000, for attorney's fees and costs herein expended, the statutory

4

court costs, including all depositions pursuant to Missouri Revised Statute §492.590, and for such other and further relief as the court deems just and proper under the circumstances.

## COUNT II – RESPONDEAT SUPERIOR
### (Against Defendant WestRock)

29. Plaintiff incorporates the allegations contained in paragraphs 1-28 as if fully set forth herein.

30. On or about June 19, 2019, Defendants John Does were employed by WestRock.

31. John Does were acting within the course and scope of their employment with WestRock when they loaded pallets on the semi-truck driven by Mr. Moore on or about June 19, 2019.

32. WestRock is a corporation that can only act through its employees. As such, any act or omission of an employee while acting within his/her employment is the act or omission of WestRock.

33. The negligent acts of John Does was also of WestRock's on June 19, 2019, which has caused damages to MEM in the amount set forth above.

**WHEREFORE**, Plaintiff MEM prays for judgment on Plaintiff's petition against Defendant WestRock for such sums as shall be determined to be fair and reasonable under the circumstances in excess of $25,000, for attorney's fees and costs herein expended, the statutory court costs, including all depositions pursuant to Missouri Revised Statute §492.590, and for such other and further relief as the court deems just and proper under the circumstances.

Respectfully Submitted,
VESSELL BRIDGES MURPHY LAW OFFICES

*/s/ Ross A. Bridges*
Ross A. Bridges #62762
3901 S. Providence, Suite D
Columbia, Missouri 65203
Tel:    (573)777-4488
Fax:    (573)777-4489
Email: Ross@vbmlaw.com
ATTORNEY FOR PLAINTIFF

6

## IN THE CIRCUIT COURT OF CLAY COUNTY, MISSOURI

**MISSOURI EMPOYERS MUTUAL**
**INSURANCE COMPANY,**

    Plaintiff,

Case No.

v.

**WESTROCK COMMERCIAL, LLC,**
    Service Address:
    221 Bolivar Street
    Jefferson City, MO 65101

    and

**JOHN DOES 1-5,**

    Defendants.

### PETITION FOR DAMAGES

**COMES NOW** Plaintiff, Missouri Employers Mutual Insurance Company, by and through its undersigned counsel, and for its cause of action against Defendant WestRock Commercial, LLC, and John Does 1-5, files this Petition for Damages, stating as follows:

### VENUE AND JURISDICTION

1.    Plaintiff, Missouri Employers Mutual Insurance Company (hereinafter referred to as "MEM") is and at all times relevant herein a Missouri corporation doing business in Missouri as an insurance company.

2.    MEM's principal place of business is located at 101 N. Keene Street, Columbia, Missouri 65201.

3.    Defendant WestRock Commercial, LLC (hereinafter referred to as "West Rock") is a Missouri corporation doing business in Missouri as a manufacturer of packaging products.

1

4.     Defendant WestRock's principal place of business is located at 221 Bolivar Street, Jefferson City, Missouri 65101.

5.     Defendants John Does 1-5 ("hereinafter referred to as "John Does"), identities unknown, are individuals who improperly loaded pallets onto a semi-truck, which later fell on Mr. James Moore, as more fully described below.

6.     Venue and jurisdiction are proper in this court and all transactions, events, occurrences, acts, errs and omissions giving rise to this action occurred in Clay County, Missouri.

7.     This Court has personal jurisdiction over Defendants because Defendants transact business within this state, have made contracts within this state, or have committed tortious acts within this state, and otherwise have sufficient minimum contacts with the State of Missouri.

## ALLEGATIONS COMMON TO ALL COUNTS

8.     On or about June 19, 2019, James Moore (hereinafter referred to as "Mr. Moore") suffered an injury in the course and scope of his employment while Mr. Moore was employed as a semi-truck driver.

9.     On or about June 19, 2019, Mr. Moore arrived at WestRock to pick up a load, specifically pallets, that were to be delivered to Billings, Montana.

10.     Upon information and belief, WestRock and/or John Does 1-5 loaded the pallets onto Mr. Moore's semi-truck at the location in Liberty, Missouri.

11.     Upon information and belief, Mr. Moore was advised to not assist with the loading process.

12.     Upon information and belief, the pallets were double stacked on the trailer of the semi-truck.

13.     Upon information and belief, the pallets were not strapped into place.

2

14.     Upon information and belief, Mr. Moore was further advised that the receiver of the pallets, Blue Line Billings, was responsible for unloading the semi-truck upon arrival to Billings, Montana.

15.     Upon information and belief, Mr. Moore's sole responsibility upon arrival to the destination in Billings, Montana, was to open the semi-truck doors, and back the trailer into the dock.

16.     On or about June 19, 2019, when Mr. Moore arrived to the final destination in Billings, Montana, he opened the doors of the semi-truck, at which time, the pallets that were double stacked in the trailer, fell onto Mr. Moore.

17.     On the date of the aforementioned accident, MEM provided a workers' compensation insurance policy to Mr. Moore's employer, Express, LLC.

18.     MEM provided workers' compensation benefits, including, but not limited to medical treatment and other benefits required by the Missouri Workers' Compensation Act Chapter 287 RSMo., to Mr. Moore as a result of the damages and injuries he sustained in the aforementioned accident.

19.     MEM has provided benefits to Mr. Moore in excess of $190,000.00, exclusive of other costs and expenses which are not relevant to this action.

## COUNT I – NEGLIGENCE
### (Against Defendants John Does 1-5)

20.     Plaintiff incorporates the allegations contained in paragraphs 1-19 as if fully set forth herein.

21.     On or about June 19, 2019, John Does owed a duty of care to Mr. Moore.

22.     On or about June 19, 2019, John Does violated the highest degree of care owed to Mr. Moore.

3

23. Defendants John Does were negligent in the following manners, including but not limited:

    a. Failure to exercise the highest degree of care while loading the pallets onto the semi-truck.

    b. Failure to safely position the pallets on the semi-truck.

    c. Failure to utilize load locks to securely lock the pallets in place on the semi-truck.

    d. Failure to safely strap the pallets into place on the semi-truck.

24. As a direct and proximate result of such negligence, Mr. Moore was injured and sustained damages requiring him to undergo medical treatment.

25. Mr. Moore was in the scope of his employment at the time of the accident.

26. As a direct and proximate result of Defendants John Does' negligence, Mr. Moore incurred medical expenses, pain, suffering, mental anguish, physical impairment, loss of capacity to enjoy life, lost wages, temporary disability and permanent disability.

27. MEM was required to pay certain workers' compensation benefits to Mr. Moore as a result of the injuries he sustained as a result of the negligence of Defendants John Does.

28. Pursuant to Missouri Section 287.150 RSMo. MEM is a real party in interest and is, therefore, entitled to bring this action pursuant to Section 507.010 RSMo. for recovery against Defendants John Does which shall not be limited to the amount payable as compensation to Mr. Moore under §287.150 RSMo.

**WHEREFORE,** Plaintiff MEM prays for judgment on Plaintiff's petition against Defendants John Does for such sums as shall be determined to be fair and reasonable under the circumstances in excess of $25,000, for attorney's fees and costs herein expended, the statutory

4

court costs, including all depositions pursuant to Missouri Revised Statute §492.590, and for such other and further relief as the court deems just and proper under the circumstances.

## COUNT II – RESPONDEAT SUPERIOR
### (Against Defendant WestRock)

29. Plaintiff incorporates the allegations contained in paragraphs 1-28 as if fully set forth herein.

30. On or about June 19, 2019, Defendants John Does were employed by WestRock.

31. John Does were acting within the course and scope of their employment with WestRock when they loaded pallets on the semi-truck driven by Mr. Moore on or about June 19, 2019.

32. WestRock is a corporation that can only act through its employees. As such, any act or omission of an employee while acting within his/her employment is the act or omission of WestRock.

33. The negligent acts of John Does was also of WestRock's on June 19, 2019, which has caused damages to MEM in the amount set forth above.

**WHEREFORE**, Plaintiff MEM prays for judgment on Plaintiff's petition against Defendant WestRock for such sums as shall be determined to be fair and reasonable under the circumstances in excess of $25,000, for attorney's fees and costs herein expended, the statutory court costs, including all depositions pursuant to Missouri Revised Statute §492.590, and for such other and further relief as the court deems just and proper under the circumstances.

5

Respectfully Submitted,
VESSELL BRIDGES MURPHY LAW OFFICES

*/s/ Ross A. Bridges*
Ross A. Bridges #62762
3901 S. Providence, Suite D
Columbia, Missouri 65203
Tel:    (573)777-4488
Fax:    (573)777-4489
Email: Ross@vbmlaw.com
ATTORNEY FOR PLAINTIFF

6

## IN THE CIRCUIT COURT OF CLAY COUNTY, MISSOURI

|  |  |
|---|---|
| **MISSOURI EMPOYERS MUTUAL INSURANCE COMPANY,** | |
| Plaintiff, | Case No. |
| v. | |
| **WESTROCK COMMERCIAL, LLC,** Service Address: 221 Bolivar Street Jefferson City, MO 65101 | |
| and | |
| **JOHN DOES 1-5,** | |
| Defendants. | |

## <u>MOTION FOR APPOINTMENT OF A SPECIAL PROCESS SERVER</u>

**COMES NOW** Plaintiff, by and through the undersigned counsel and for its Motion for Appointment of Special Process Server, states as follows:

1. Pro Serve is qualified to serve process in accordance with Missouri Supreme Court Rule 54.13.

2. Pro Serve is not a party and is more than 18 years of age.

**WHEREFORE**, Plaintiff prays for an Order of the court appointing Pro Serve as special process servers in this case to serve the Summons, and Petition in this case on Defendant WestRock Commercial, LLC.

1

Respectfully Submitted,
VESSELL BRIDGES MURPHY LAW OFFICES

*/s/ Ross A. Bridges*
Ross A. Bridges #62762
3901 S. Providence, Suite D
Columbia, Missouri 65203
Tel:     (573)777-4488
Fax:     (573)777-4489
Email: Ross@vbmlaw.com
ATTORNEY FOR PLAINTIFF

2